WHITAKER MERRELL COMPANY, PLAINTIFF, v. CLAUDE A. JANES, INC. ET, DEFENDANTS. (Two cases.)
ERECTORS, INC., PLAINTIFF, v. CLAUDE A. JANES, INC. ET, DEFENDANTS. (Two cases.)

Common Pleas Court, Fayette County.

Nos. 22886, 22887, 22888 and 22889. Decided February 4, 1961.

*Mr. Vernon L. Stouffer* and *Mr. Joseph E. Hogan*, for plaintiffs.

*Mr. Thomas. D. Griffith* and *Mr. J. Paul McNamara,* for defendant, Buckeye Union Casualty Company.

CASE, J. In each of these four separate law suits now pending before this court, the respective plaintiffs filed an amended petition, on October 22, 1960, wherein it was claimed the respective plaintiffs had furnished certain construction materials to the defendant, Claude A. Janes, Inc., a highway construction contractor, which materials were used by said defendant in the construction of certain highway improvement projects pursuant to certain contracts between said Claude A. Janes, Inc. and the State of Ohio, Department of Highways; and the respective plaintiffs further alleged and claimed that the defendant, The Buckeye Union Casualty Company, was an insurance company engaged in the business of becoming surety for hire upon bonds for the faithful performance of public highway construction contracts, that said Buckeye Union Casualty Company was surety on the respective surety bonds filed by said defendant contractor as to each highway improvement project contract, between defendant, Claude A. Janes, Inc. and State of Ohio, Department of Highways, as alleged in the respective amended petitions; and, by their respective amended petitions, each of said plaintiffs allege and claim the various amounts due and unpaid for such materials so furnished to said contractor together with 6% interest thereon from the date each of said various amounts became due from said highway contractor.

On December 8, 1960, defendant, The Buckeye Union Casualty Company, filed its answer in each of said four law suits whereby it admitted the corporate entity of each plaintiff; that each plaintiffs sells construction materials to those engaged in highway construction business; that the defendant, Claude A. Janes, Inc., "is an Ohio corporation engaged in the highway construction business; that the defendant, The Buckeye Union Casualty Company, is an insurance company engaged in the business of executing surety bonds on public construction contracts"; that defendant, Claude A. Janes, Inc., had entered into the respective contracts with the State of Ohio, Department of Highways, as alleged in the respective amended petitions; that the bond as to each of said contracts was conditioned as provided by law; that the plaintiff in each of said law suits upon request of Claude A. Janes, Inc. furnished materials to Claude A. Janes, Inc. which were used in the construction of each of

the alleged highway improvements; and that in each of said law suits the plaintiff had furnished to The Buckeye Union Casualty Company a statement of the amount alleged by such plaintiff to be the amount due such plaintiff for materials so furnished for the construction of the alleged highway improvements; and further answering in each of said law suits, said defendant, The Buckeye Union Casualty Company, denied each and every allegation of the respective amended petitions not specifically admitted to be true in the respective answers of said defendant.

On December 17, 1960, the respective plaintiff in each of said four law suits filed a motion for summary judgment and each of which read as follows:

"Plaintiff moves the Court, pursuant to Section 2311.041, Revised Code, to enter judgment for the Plaintiff on its Amended Petition on the ground that there is no genuine issue as to any material fact pertaining to the action, and that Plaintiff is entitled to judgment thereon as a matter of law, as appears from the pleadings, and the affidavits and exhibits attached and made a part hereof."

The first affidavit attached to each of said motions for summary judgment was an affidavit of E. S. Preston, Director of Highways of the State of Ohio, in which he states and certifies that the copy of the bond attached thereto and marked "Exhibit A" is a true and correct copy of the bond given in connection with a contract awarded to Claude A. Janes, Inc., by the Department of Highways of Ohio, for the construction of the respective highway improvement projects as alleged and described in the plaintiffs' respective amended petitions; and stating therein the respective dates (June 6, 1960 and July 1, 1960) on which the respective projects were accepted by the Department of Highways.

A photostatic copy of said bond, marked "Exhibit A" was attached to said affidavit in each case.

The second affidavit attached to each of said motions for summary judgment was an affidavit of an officer of the respective plaintiff and in which it was stated that, on April 29, 1960, the plaintiff furnished to Buckeye Union Casualty Company, by registered mail, an itemized statement of the amount due the plaintiff from Claude A. Janes, Inc. for materials furnished and

used by said defendant in the construction and completion of its contract with the State of Ohio, Department of Highways, as described and alleged in the respective amended petition; and that a copy of said statement was attached to and made a part of such affidavit, and marked "Exhibit A"; that such statement was so furnished to said Buckeye Union Casualty Company by reason of its being surety upon the bond of Claude A. Janes, Inc., given in connection with its said contract and in compliance with the provisions of Section 153.56, Revised Code; and said affidavit further stated that said statement of account was in all respects true and correct, and that Claude A. Janes, Inc., nor anyone in its behalf, had given any note or notes or other collateral or security for said account and that there were no offsets or counter-claims against the same.

Attached to such affidavit in each of said cases was a copy of a letter from such plaintiff, signed by an officer thereof, to the defendant, Buckeye Union Casualty Company, stating that such plaintiff had furnished certain materials to Claude A. Janes, Inc., for incorporation into public works or improvements and designating and describing the respective projects and contracts by date and number, and stating that the statement of amount due from Claude A. Janes, Inc., was being furnished defendant, Buckeye Union Casualty Company, as surety on the bond of said contractor pursuant to Section 153.56, Revised Code; and that demand was thereby being made upon The Buckeye Union Casualty Company for payment for the balance due and the amount; and that if such plaintiff was not in receipt of payment from said surety or the contractor within sixty days such plaintiff would be required to bring action upon such bond.

There was also attached to such second affidavit in each case an itemized account which included Invoice No., Date, Description of materials, and amount.

The motion for summary judgment so filed in each law suit was scheduled and assigned for hearing on January 5, 1961, and the same come on to be heard and were heard on that date upon the pleadings, stipulations and oral argument of counsel for the respective plaintiffs and said defendant, The Buckeye Union Casualty Company, and at which time and hearing said defendant, Claude A. Janes, Inc., was in default for answer or

other pleading in each of said suits and did not appear by counsel or otherwise.

At the close of said hearing on January 5, 1961, leave to file briefs was suggested and requested by counsel and the court granted same in the chronological order as stipulated upon the record; and the court deferred any further rulings or judgment upon these cases pending submission of said briefs.

Coming now to consider the provisions of Section 2311.041, Revised Code, and the state of the record as to each of these cases, the files and records clearly show and it is undisputed that each case is a civil action; that each party plaintiff was seeking to recover upon a cause of action and moved for summary judgment in its favor upon all of each action at a time after each was at issue; that the hearing on each of said motions for summary judgment was had not less than ten days after the date of the filing thereof; that notice of the filing and the date of hearing of each such motion was given as provided by statute; and that the following admissions and statements were made by counsel for said defendant, The Buckeye Union Casualty Company, beginning on page 3 of the transcript of said hearing on January 5, 1961:

"Let me say this. Again there has never been between the plaintiff in this action and the Buckeye Union Casualty Company any question but what there was liability by the Buckeye to this company. We have agreed to that in the beginning. However, because of litigation pending between the Buckeye and Claude A. Janes, Inc., Buckeye could not voluntarily settle or pay the plaintiff company. We have never disputed, except for the purposes of verification of the amounts, principal amounts claimed by Mr. Hogan's clients. We have now verified those amounts by the records of the State Highway Department. We know that Mr. Hogan has admissions of liability from the Janes Company. After all, these were material supplied by highway contracts which the Claude A. Janes Company had with the State of Ohio. We have no personal knowledge of the materials furnished. We are able to verify and have verified from the State Highway Department the information we needed to say to your Honor, there is no dispute as to the principal amount of these claims. There has never been any dispute

substantially beyond the necessity of verification. That is true as to all four cases.''

and again, beginning on page 5 of the transcript of said hearing:

''. . . . Nothing would have been served in my position by our answering interrogatories which are directed primarily to information and peculiar knowledge of our principal. We did not receive this material. We received a notice of claim, and admit in our answer that we received the notice of claim on April 29th. We now admit the principal sum due the plaintiffs. We desire to be heard then as the statutes provide only on what we consider substantially a question of law as to which the facts are not in dispute. That question of law involves the interest to which the plaintiffs are entitled to. Nothing that would have been said by way of answering the interrogatories would have altered that question. We are admitting liability on the principal sum. Now, on the question of interest, which we say is a matter of law, we say that the plaintiffs may be entitled to interest against Claude A. Janes, Inc., as prayed for in their petition. We say that plaintiff is not entitled to interest against The Buckeye Union Casualty Company, except beginning, as the statute provides, sixty days after notice of the claim is filed with the Buckeye. In each case, the plaintiff has attached to the motion for summary judgment a copy of the notice served on Buckeye.''

The original and reply briefs filed by and on behalf of The Buckeye Union Casualty Company are repetition and reiteration of its admissions and arguments so made and presented on January 5, 1961.

Now the record clearly shows that defendant Buckeye has repeatedly admitted, by its answer, by its oral argument and stipulations at the January 5th hearing, and by its original and reply briefs subsequently filed herein:

1. That the jurisdiction of this court has been properly invoked by each plaintiff, and that said court has acquired jurisdiction of the subject matter and the parties in each of these cases as provided by law;

2. That said defendant, The Buckeye Union Casualty Company, duly executed each sure surety bond pursuant to the provisions of Sections 153.54, 153.55, 153.56, and related sections

of the Revised Code; and that said defendant was and is bound as surety thereon; and

3. That said defendant, Claude A. Janes, Inc., was and is the principal on said respective surety bonds; and that the respective amounts, of principal and interest, as claimed in said amended petitions of the respective plaintiffs, are due and unpaid and owing from said principal, Claude A. Janes, Inc., to the respective plaintiffs.

And it is equally clear upon the files and records that defendant Buckeye did not set forth or plead any affirmative relief in its answer to said amended petitions; and that, at the hearing on January 5, 1961, for the first time, defendant Buckeye questioned and raised the issue as to whether or not The Buckeye Union Casualty Company, as such surety, was liable for interest to the same degree and extent as its principal, Claude A. Janes, Inc., in respect to the amounts claimed in the respective amended petitions.

It is undisputed and defendant Buckeye expressly admits that plaintiffs are entitled to recover judgments against said defendant, Claude A. Janes, Inc., for the full amount of interest claimed in their respective amended petitions.

On the other hand, by its oral argument and briefs, defendant Buckeye contends:—

a. That the obligation of the Buckeye as surety is determined by the statute;

b. That the obligation of the Buckeye as surety is distinct from the obligation of Claude A. Janes, Inc., as principal contractor;

c. That Sections 153.54, 153.55 and 153.56, Revised Code, do not provide that the surety pay interest on such claims;

d. That the only interest collectible from Buckeye, as surety, is that interest which may be allowed on account of the surety's own default;

e. That the Buckeye, as surety, was not in default until sixty days after it was notified of the respective claims; and

f. That the only interest collectible from The Buckeye Union Casualty Company as surety in these cases is the interest beginning sixty days after the furnishing of the statement required by Section 153.56, Revised Code.

This court subscribes to the proposition that the statute law of Ohio creates and fixes the liability of Buckeye as surety in these cases; and, in so subscribing, the court has considered the provisions of Section 153.57 and 1309.03, Revised Code, in addition to those sections cited and discussed by counsel for Buckeye.

After careful consideration and examination of the provisions of Section 153.57, Revised Code, this court cannot subscribe to defendant Buckeye's contention that its obligation as surety is distinct from the obligation of Claude A. Janes, Inc., as the principal contractor. For the bond in each of these cases includes the language, terms and provisions of the bond form set forth and required under Section 153.57, Revised Code, and clearly and expressly states that the principal and surety are thereby jointly and severally bound and that the condition of the bond is such that whereas the principal, Claude A. Janes, Inc., did enter into a contract with the State of Ohio, which contract is made a part of the bond as though set forth therein, and that the principal shall pay all lawful claims of material' men for materials furnished in performing and completing said contract.

In view of the express provisions of Section 153.57, Revised Code, this court is compelled to conclude that, although Sections 153.54, 153.55 and 153.56, Revised Code, are silent with respect to the payment of interest by either the principal or surety, the provisions of Section 153.57, Revised Code, expressly make the contract a part of the bond and thereby jointly and severally obligate the principal and surety for the payment of interest at the rate of six per cent per annum when money becomes due and payable for such materials so furnished under the highway construction contract from the date when the money becomes due and payable by the principal for such materials so furnished.

In other words, it is the opinion of this court that Sections 153.57 and 1309.03, Revised Code, relate to money due and payable upon any highway construction contract or bond, and must be construed *in pari materia* in accordance with the rule of law declared and pronounced by The Supreme Court of Ohio in *State, ex rel. Pratt,* v. *Weygandt,* 164 Ohio St., 463, 132 N. E.

(2d), 191, 58 Ohio Opinions, 315, paragraph 2 of the syllabus thereof:—

"Statutes relating to the same matter or subject, although passed at different times and making no reference to each other, are *in pari materia* and should be read together to ascertain and effectuate if possible the legislative intent."

And it is the further opinion of this court that, since the bond specifically and expressly made the construction contract "a part of this bond the same as though set forth herein," the date on which any claims, for such materials so furnished, became due and payable by the contractor and principal, Claude A. Janes, Inc., to the respective plaintiffs, was the same and identical date that fixed and created the joint and several obligation of the surety, Buckeye Union Casualty Company, and its principal, Claude A. Janes, Inc., for the respective amounts which continued to be due, unpaid and owing under the express provisions of said bond and the construction contract expressly incorporated therein and made a part thereof. Therefore this court must conclude that the obligation of the Buckeye as surety is not distinct from the obligation of Claude A. Janes, Inc., as principal contractor, for the reason that neither the provisions of the bond nor the provisions of statute law relating thereto provide for any such distinction expressly or by implication, but that the express provisions of the bond and the statute law relating thereto are by clear and unequivocal language and by reasonable implication quite to the contrary, and do not warrant any such distinction between the obligation of a surety and principal with respect to the payments of interest claimed by plaintiffs in these cases.

Neither can this court subscribe to Buckeye's contention that the only interest collectible from it is surety in these cases is the interest beginning sixty days after the furnishing of the statement required by Section 153.56, Revised Code.

The language of the statute to the effect that:—

"No suit shall be brought against said sureties on said bond until after sixty days after the furnishing of said statement." is merely a condition precedent which must be complied with before the court's jurisdiction can be invoked. Obviously, the vast and ever increasing volume of highway construction projects and contracts with the related opportunities for unpaid

or disputed claims shows the wisdom of withholding the court's jurisdiction until the creditor, surety and the principal have been afforded a reasonable time within which to investigate and settle such claims.

If the Legislature had intended such statutory provision to have the force and effect of determining the time at which interest would begin to be collectible from the surety, as contended by defendant Buckeye, a few simple words to that effect would have so provided. And this contention of defendant Buckeye falls of its own weight and is wholly without merit by Buckeye's own argument and contention that "no mention is made of interest" in Sections 153.54, 153.55 and 153.56, Revised Code.

In *Atkinson* v. *Orr-Ault Co.*, 124 Ohio St., 100, the issue of jurisdiction which was raised by demurrer was the only issue before the court. There was no issue or question before the court in that case concerning the amount of interest collectible from the surety, and, as stated in the syllabus in the case of *Gordon* v. *Rhodes*, 158 Ohio St., 129:

"1. A reported decision, although in a case where the question might have been raised, is entitled to no consideration whatever as settling, by judicial determination, a question not passed upon or raised at the time of adjudication."

In the light of the undisputed facts and circumstances of record herein as hereinabove set forth and discussed, together with the admissions made by defendant, The Buckeye Union Casualty Company, in its answer, its oral argument and its briefs, and the express and unequivocal provisions of Sections 153.57 and 1309.03, Revised Code, this court is compelled to conclude:

1. That the liability of defendant-surety, The Buckeye Union Casualty Company, is coextensive with that of its principal, Claude A. Janes, Inc.;

2. That said surety is indebted to the respective plaintiffs for the amounts claimed in their respective amended petitions with interest as claimed therein; and

3. That reasonable minds can come to but one conclusion and that conclusion is adverse to the parties against whom the motion for summary judgment is made in each of the cases submitted herein.

Counsel for plaintiff in each of said cases should prepare an appropriate entry of summary judgment therein, and note thereon appropriate exceptions on behalf of defendant-surety, The Buckeye Union Casualty Company.